UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | )<br>)<br>)<br>)<br>) | **Case No. 3:23-md-03071**<br><br>**THIS DOCUMENT RELATES TO: ALL CASES** |

**INJUNCTION ORDER**

This matter came before the Court for a Fairness Hearing on October 15, 2026, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, on Plaintiffs' Motion for Final Approval of Settlements ("Motion") (Doc. No. 1552). The Court has granted final approval of the Settlements ("Final Approval Order") and has directed the entry of the final judgment under Rule 54(b) as to the Settling Defendants ("Final Judgment as to Settling Defendants"). The Court has considered the Motion and accompanying Memorandum of Law, the Settlement Agreements, amendments thereto, the supporting declarations, the record in this Action, the objections, and the arguments of counsel presented at the Fairness Hearing, and good cause appearing, the Court hereby finds as follows:

**1.** **Jurisdiction**. The Court has subject-matter jurisdiction over this Action and, for purposes of the Settlements, personal jurisdiction over all Parties, including each Settlement Class Member, and over the Settling Defendants for purposes of their compliance with and performance of their obligations under the Settlement Agreements.

**2.** **Definitions**: For purposes of this Injunction Order, the following definitions shall apply:

a. **Effective Date**. The "Effective Date" of each Settlement Agreement is the date that, as to the Final Approval Order and associated entry of Final Judgment as to the Settling Defendants, (1) the time to appeal or seek permission to appeal has

expired without any timely appeal being taken or (2) if a timely appeal is taken, the Court's Final Approval of Settlements and Final Judgment as to the Settling Defendants have been affirmed in full by the court of last resort to which such appeal has been taken and that affirmance has become no longer subject to further appeal or review.

b. **Plaintiffs**. "Plaintiffs" are Jason Goldman, Jeffrey Weaver, Billie Jo White, Brandon Watters, Priscilla Parker, Patrick Parker, Barry Amar-Hoover, Joshua Kabisch, Meghan Cherry, and Maya Haynes.

c. **Released Claims**. The "Released Claims" as to which the injunction set forth in this Order applies are expressly identified for each Settling Defendant in **Exhibits A1-A37** and **Exhibits B1-B13** to this Order and incorporated herein, which contain the full text of each Settlement Agreement and amendments thereto.

   i. For the avoidance of doubt, Released Claims do not include State sovereign or quasi-sovereign claims for civil penalties and/or injunctive relief. (See Doc. No. 1463 at 3; Doc. No. 1587 at 8–12).

d. **Settlements**. "Settlements" refer to the settlement agreements incorporated herein as **Exhibits A1-A37** and **B1-B13**, which were previously filed on the docket at Doc. Nos. 1250-2 through 1250-5 (Joint Declaration of Interim Co-Lead & Liaison Counsel in Support of Preliminary Approval, Exhibits A-1 through A- 26); Doc. No. 1398-2 (Joint Declaration of Interim Co-Lead Counsel in Support of Second Set of Class Settlements, Exhibits A-27 through A-37), which the Court has finally approved in granting the Motion.

e. **Settlement Class**. "Settlement Class" means: All persons and entities in the

United States and its territories who paid rent on at least one multifamily residential real estate lease directly to any owner, manager and/or owner-operator (including to any division, subsidiary, predecessor, agent or affiliate of any owner, manager and/or owner-operator) on a property subject to a license for RealPage's Revenue Management Solutions, Lease Rent Options ("LRO"), YieldStar ("YS"), and/or AI Revenue Management ("AIRM") ("RealPage's RMS") at any time during the period of October 18, 2018 through November 21, 2025 ("Settlement Class Period"). Specifically excluded from this Class are Opt-Outs; Defendants; any entity licensing RealPage's RMS, the officers or directors of any entity licensing RealPage's RMS and any entity in which any entity licensing RealPage's RMS has a controlling interest; any affiliate, legal representative, heir or assign of any entity licensing RealPage's RMS; federal, state, or local governments; states and their subdivisions, agencies, and instrumentalities; any judicial officer presiding over this Action and the members of his/her immediate family and judicial staff; and any juror assigned to this Action.

f. **Settlement Class Member**. A "Settlement Class Member" means any person or entity who is a member of the Settlement Class.

g. **Settling Defendants**. Settling Defendants are: Allied Orion Group, LLC; Apartment Income REIT Corp., d/b/a AIR Communities; Avenue5 Residential, LLC; Bell Partners, Inc.; BH Management Services, LLC; Bozzuto Management Co.; Brookfield Properties Multifamily LLC; Camden Property Trust; CH Real Estate Services, LLC; CONAM Management Corp.; Cortland Management, LLC; Crow Holdings, LP, and Trammel Crow Residential Co.; CWS Apartment

Homes LLC; ECI Group, Inc.; Equity Residential; First Communities Management, Inc.; FPI Management, Inc.; Greystar Management Services, LLC; Highmark Residential, LLC; Kairoi Management, LLC; Knightvest Residential; Lantower Luxury Living, LLC; Mid-America Apartment Communities, Inc., and Mid-America Apartments, L.P.; Mission Rock Residential, LLC; Pinnacle Property Management Services, LLC; Prometheus Real Estate Group, Inc.; The Related Companies, L.P., and Related Management Company, L.P.; Rose Associates, Inc.; RPM Living, LLC; Sares Regis Group Commercial, Inc.; Security Properties Residential, LLC; Sherman Associates, Inc.; Simpson Property Group, LLC; Thrive Communities Management, LLC; Willow Bridge Property Co. (formerly Lincoln Property Co.); Windsor Property Management Co.; WinnCompanies LLC, WR GP, LLC, and WinnResidential Manager Corp.

**3.** **Injunction**. Pending the Effective Date of the Settlements, Plaintiffs and Settlement Class Members (and any person or entity purporting to act or bring claims on behalf of Settlement Class Members) are enjoined from prosecuting, pursuing, maintaining, or enforcing any Released Claims against any Settling Defendants in any forum. This injunction does not include State sovereign or quasi-sovereign claims for civil penalties, fines and/or injunctive relief. This injunction will remain in force until the Effective Date, or until such time as Plaintiffs and the Settling Defendants notify the Court that the Settlements have been terminated. The Court issues this injunction under the All Writs Act, 28 U.S.C. § 1651(a) as necessary to protect, effectuate, and aid the Settlements, the Final Approval Order, and the Court's jurisdiction and judgments. Nothing in this Paragraph releases or enjoins any claim to enforce the terms of the Settlements.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE