UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | **NO. 3:23-md-03071**<br><br>**MDL No. 3071**<br><br>**THIS DOCUMENT RELATES TO: ALL CASES** |

**STIPULATION AND ORDER**

Plaintiffs and Defendants (Morgan Properties Management Company, LLC, RealPage, Inc., UDR, Inc., Independence Realty Trust, Inc., Thoma Bravo, L.P., Thoma Bravo Fund XIII, L.P., and Thoma Bravo Fund XIV, L.P.), stipulate and the Court rules as follows:

1. On October 2, 2026, Plaintiffs filed a motion for class certification (Doc. Nos. 1560–1563) and Defendants filed *Daubert* motions (Doc. Nos. 1573–1576) (collectively, the "Motions").

2. The Parties' deadline to file oppositions to those Motions (the "Oppositions") is November 13, 2026 (Doc. No. 1453).

3. The Parties stipulated to, and the Court approved, a sealing procedure for the Motions, pursuant to which the Motions and supporting materials were filed provisionally under seal while the Defendants prepared an omnibus motion to seal (Doc. No. 1581).

4. The Oppositions and supporting materials may involve a significant volume of materials that the Parties and various nonparties, including Defendants who have settled this action, have designated Confidential or Highly Confidential under the Protective Order. (Doc. No. 828).

5. The Parties expect that, in the absence of this Stipulation and Order, the Parties and various nonparties would need to submit multiple sealing motions related to the Oppositions

pursuant to Local Rule 5.03.

6. The Parties expect that the Oppositions will cite to materials that were also cited in and attached as exhibits to the Motions and that were subject to the previous omnibus motion to seal (Doc. Nos. 1560, 1573; Doc. No. 1631).

7. For judicial economy and convenience of the Court, and to avoid the need to file duplicative motions to seal, the Parties agree to request that the Court permit the Parties to cross-reference and cite to exhibits to the Motions in their Oppositions.

8. To conserve the resources of the Court and Parties and to reduce the number of motions to seal filed with the Court, the Parties agree that the Court should permit the Parties to file their Oppositions provisionally under seal in their entirety initially.

9. In order to provide additional time for all interested Parties to meet and confer and narrow any disputes, the Parties agree to request that Defendants be permitted to file one omnibus submission in support of sealing the Oppositions 21 days after filing the Oppositions (by December 4, 2026) after meeting and conferring with Plaintiffs, and Plaintiffs be permitted to file one omnibus submission with the grounds for any opposition to sealing 14 days thereafter (December 18, 2026).

10. The Parties have agreed to, and respectfully submit for approval by the Court, the following sealing procedure for the Parties' forthcoming Oppositions:

i. The Parties may cross-reference and cite to exhibits attached to the Motions in their Oppositions, provided that the citation to exhibits identifies the "Docket Number."

ii. The Parties may provisionally file under seal their Oppositions and supporting materials relying on documents or data designated Confidential or Highly Confidential under the Protective Order. (Doc. No. 828).

iii. The Parties shall meet and confer with each other and any nonparties or settled Defendants whose materials are provisionally filed under seal, and the Defendants will file an omnibus motion in support of sealing any documents that Defendants believe should remain under seal by December 4, 2026 (21 days after filing of the Parties' Oppositions).

iv. Plaintiffs will file any response to Defendants' omnibus motion by December 18, 2026 (14 days after the filing of Defendants' omnibus motion in support of sealing).

v. To the extent the Parties' Oppositions cross-reference and cite to exhibits attached to the Motions that are subject to the pending omnibus motion to seal the Motions (Doc. No. 1631), the Parties need not include those exhibits in their forthcoming omnibus motion to seal the Oppositions.

vi. The parties memorandum of law to seal any document or memorandum of law in opposition to seal shall not exceed 35 pages.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE