# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | : | Case No. 3:23-md-3071<br>MDL No. 3071<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>This Document Relates to:<br>ALL CASES |

## MOTION FOR MISCELLANEOUS RELIEF BY THIRD-PARTY FILER, CLAIMSHERO HOLDINGS LLC

ClaimsHero Holdings LLC ("ClaimsHero")[1] asks the Court to direct its settlement administrator, Angeion Group, LLC ("Angeion"), to honor verified client payment instructions when the Court authorizes distribution. The procedure would apply only to approved claimants with properly documented and valid claims, with no indications of fraud, who retain ClaimsHero as their filer and sign an authorization directing Angeion to send their full distribution to ClaimsHero's law firm trust account for payment to them. ClaimsHero asks the Court to direct Angeion to issue payments on behalf of such approved claimants to ClaimsHero's trust account, notwithstanding that Angeion would not be able to trace the final payments from ClaimsHero's trust account to the individual claimants. ClaimsHero has met and conferred with Class Counsel on this issue, and Class Counsel does not oppose this motion.

[1] ClaimsHero is a law firm with a consumer-focused technology platform that helps people identify potential lawsuits and class action settlements for which they may be eligible. ClaimsHero has more than 600,000 account holders for its website, many of whom are likely settlement class members in this matter. Through this Motion, ClaimsHero seeks to facilitate higher class member participation in this Settlement through orderly coordination with the settlement administrator and Class Counsel.

The permissibility of ClaimsHero acting as a third-party filer in this matter is not in dispute. The official settlement website explicitly states that class members "may choose to use a Third-Party Service" to file their claims.[2] Moreover, Angeion has already provided written guidance to ClaimsHero regarding how to file claims on behalf of its clients, and Class Counsel has confirmed both during a meet-and-confer and in writing that ClaimsHero may submit claims on behalf of its clients. *See* Exhibit 1 (RealPage Electronic Filing Template received from Angeion on Sept. 15, 2026) and Exhibit 2 (Nov. 10, 2026 email from G. Kozen to C. Mancuso, ClaimsHero's Head of Legal Strategy) at 1. The matter at issue in this Motion is clarification of settlement administrator Angeion's payment procedures—specifically, ClaimsHero asks this Court to instruct Angeion to issue settlement payments directly to ClaimsHero's law firm trust account for clients who authorize it, provided that those clients have properly documented and valid claims with no indications of fraud, and notwithstanding the fact that Angeion would not be able to trace the final payments from ClaimsHero's trust account to individual claimants.

In the Final Approval Order, this Court retains jurisdiction over settlement administration and distribution of the Settlement Fund. Order D.E. 1619 ¶ 25(a)–(b) P. Id. 34378-9. Under that reservation and Federal Rule of Civil Procedure 23(d)(1)(E), the Court can establish a procedure for delivering an approved payment at the claimant's direction. Angeion would apply the existing eligibility and allocation rules and pay claims on the schedule the Court authorizes by separate order. *See* Order, D.E. 1619 ¶ 21, P. Id. 34377-8, and Plan of Allocation, Plan D.E. 1402-2 ¶¶ 35–38 P. Id. 22675-6.

---

[2] *See* Important Notice Regarding Third-Party Claim Filing Services, available at: https://www.realpagerentalsettlement.com/faqs?id=22

ClaimsHero intends to offer optional help with preparing claims and gathering supporting documents. It discloses its 25% contingent fee and the free direct-filing option. Under the proposed procedure, the separate authorization signed by each client would repeat both disclosures, authorize ClaimsHero to receive and distribute settlement funds on behalf of the client, and explain how to revoke the authorization. Clients who choose to work with ClaimsHero would confirm their preferred payment method with ClaimsHero when settlement funds are ready for distribution.

ClaimsHero requested bulk-filing instructions from Angeion on August 19, 2026. Angeion's guidance provided on September 15, 2026 makes a claimant-payable check the default for bulk filings. *See* Ex. 1 at 1 ("Payments"). The guidance also describes a discretionary exception for a single filer payment when Angeion accepts a separate, signed authorization from every claimant included in that payment. *Id.* However, after ClaimsHero received that guidance, both Angeion and Class Counsel expressed reservations about their ability to authorize such a single filer payment, necessitating this Motion to request clarification from the Court.

On October 19, 2026, Class Counsel wrote that they intended for Angeion to pay ClaimsHero's trust account for all claims and payment authorizations individually deemed in good order, even if other workbook entries were deficient. Class Counsel also indicated that they would raise any unforeseen complications before payment. *See* Exhibit 3 at 1-2 (Oct. 19, 2026 email from M. Reuben to C. Mancuso).

On November 10, 2026, Class Counsel expressed uncertainty about their authority and advised that they intended to instruct Angeion to pay claimants directly unless the Court authorized another procedure. *See* Ex. 2 at 1.

On November 23, 2026, after reviewing an initial draft of this Motion, Class Counsel confirmed that they would support direct payments to ClaimsHero's trust account for properly

documented claims, absent indications of fraud, but stated that Angeion did not support that approach "because payments to ClaimsHero's trust account cannot be traced through to the individual claimants." *See* Exhibit 4 at 1 (Nov. 23, 2026 Email from G. Kozen to C. Mancuso). Class Counsel stated they would not oppose this Motion so long the request was revised to ask the Court to confirm that Angeion may issue payments to ClaimsHero even though Angeion would not be able to trace the final payments from ClaimsHero's trust account to the claimants themselves. *Id.*

Prompt clarification of this payment option issue would let claimants make an informed choice about whether to submit a payment authorization with their claim.

ClaimsHero's proposed payment procedure is consistent with an approach approved in a comparable class settlement. In another antitrust MDL, the court granted class counsel's distribution motion and authorized aggregate payments to third-party filers with claimant-level allocations, delivery confirmation, and return of undistributed funds. *See In re Auto. Parts Antitrust Litig.*, No. 2:12-md-02311-FKB-RSW, ECF No. 2270 ¶ 3(e)–(g) (E.D. Mich. Mar. 18, 2025) (attached as Exhibit 5).

For any payment to ClaimsHero's trust account, Angeion would use a separate payout list containing only approved claims with verified, unrevoked authorizations. Claimants could revoke their payment authorization by notifying ClaimsHero and Angeion before payments are distributed. Class Counsel and Angeion would retain discretion to review all claims and supporting documentation, including client authorizations, and evaluate them for potential indications of fraud. Before settlement funds are ready for distribution, Angeion would flag any payment authorization defects and allow a reasonable opportunity to cure. Angeion would pay the claimant directly if the authorization is missing, deficient at the cutoff for funds distribution, or revoked.

As a condition of receiving funds, ClaimsHero would hold them in a verified client trust account, promptly notify clients when funds are received, pay undisputed amounts, and provide itemized accountings. Angeion would not have the ability to directly trace the final payments from ClaimsHero's trust account to individual claimants, but in accordance with Angeion's existing bulk filing guidance for this matter, ClaimsHero would keep a claimant-level ledger and proof of delivery for audit, hold disputed amounts in trust, and reconcile and return undistributed funds to Angeion for re-distribution under the Plan of Allocation, or comply with any other directive for undistributed funds. *See* Ex. 1 at 1 ("Payments" section); Plan D.E. 1402-2 ¶¶ 40–41 P. Id. 22677. Angeion would pay the full distribution amount for each claimant, and ClaimsHero would account to each of its clients for any fee permitted by their written agreement. Claimants who file with ClaimsHero would have the flexibility to choose their preferred payment method when settlement funds are ready for distribution, rather than before the claim filing deadline – a particular advantage for young people, whose mailing addresses and banking information may change in the months or years that could pass before settlement payments are ready for distribution in this matter.

ClaimsHero asks the Court to approve this procedure for use at court-authorized distribution. The proposed procedure serves the best interests of the Settlement Class by encouraging participation through an orderly process while preserving each claimant's choice of how to file and receive payment.

Dated: November 25, 2026

Respectfully submitted,

/s/ Rebecca W. Demaree
Rebecca W. Demaree
CORNELIUS & COLLINS, LLP
211 Athens Way, Suite 200

Nashville, TN 37228
615-244-1440
rwdemaree@cclawtn.com

*Counsel for Non-Party Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the following counsel of record:

## Counsel for Plaintiffs

Tricia R. Herzfeld
Anthony A. Orlandi
**HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
tricia@hsglawgroup.com
tony@hsglawgroup.com
*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Heidi B. Weaver
Bridget Gramme
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
pcoughlin@scott-scott.com
cmedici@scott-scott.com
hweaver@scott-scott.com
bgramme@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski
G. Dustin Foster
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com

Matthew J. Perez
Daniel F. Loud
Fatima Brizuela
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 24th Floor
New York, NY 10169
matt.perez@scott-scott.com
dloud@scott-scott.com
fbrizuela@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
J. Austin Hurt
Caitlin E. Keiper
Navy A. Thompson

Swathi Bojedla
Daniel J. Walker
**HAUSFELD LLP**
1200 17th Street, Suite 600
Washington, DC 20036
sbojedla@hausfeld.com

Sam R. Black
Eric P. Barstad
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com
nthompson@robinskaplan.com
sblack@robinskaplan.com
ebarstad@robinskaplan.com

dwalker@hausfeld.com

Gary I. Smith, Jr.
Samuel Maida
**HAUSFELD LLP**
580 California Street, 12th Floor
San Francisco, CA 94111
gsmith@hausfeld.com
smaida@hausfeld.com

Mindee Reuben
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
mreuben@hausfeld.com

Shayla J. Harris
Jacob R. Leiken
Mary Frances Brown
**HAUSFELD LLP**
33 Whitehall St., 14th Fl.
New York, NY 10004
sharris@hausfeld.com
jleiken@hausfeld.com
mbrown@hausfeld.com
*Interim Co-Lead Counsel*

Eric L. Cramer
Michaela L. Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
ecramer@bm.net
mwallin@bm.net

Brendan P. Glackin
Dean M. Harvey
Jules A. Ross
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
bglackin@lchb.com
dharvey@lchb.com
jross@lchb.com

Mark P. Chalos
Hannah R. Lazarz
Kenneth S. Byrd
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
222 2nd Avenue South, Ste. 1640
Nashville, TN 37201
mchalos@lchb.com
hlazarz@lchb.com
kbyrd@lchb.com

Benjamin J. Widlanski
Robert J. Neary

Christian P. Levis
Vincent Briganti

Cameron A. Moody
Brandon M. Sadowsky
**KOZYAK TROPIN &**
**THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
bwidlanski@kttlaw.com
rn@kttlaw.com
cmoody@kttlaw.com
bsadowsky@kttlaw.com

Peter Demato
Radhika Gupta
Nicole A. Veno
Frank Strangeman
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com
vbriganti@lowey.com
pdemato@lowey.com
rgupta@lowey.com
nveno@lowey.com
fstrangeman@lowey.com

Christopher M. Burke
Yifan (Kate) Lv
Amelia F. Burroughs
Rachel Steyer
**BURKE LLP**
402 W. Broadway, Suite 1890
San Diego, CA 92101
cburke@burke.law
klv@burke.law
afb@burke.law
rsteyer@burke.law

Joseph R. Saveri
Cadio Zirpoli
Kevin E. Rayhill
Alexandra S. Fernandez
**SAVERI LAW FIRM, LLP**
550 California St., Ste. 910
San Francisco, CA 94104
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
krayhill@saverilawfirm.com
afernandez@saverilawfirm.com

Jennifer W. Sprengel
Daniel O. Herrera
Nyran Rose Rasche
Kaitlin Naughton
Mohammed A. Rathur
Christopher P. Dolotosky
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, IL 60603
jsprengel@caffertyclobes.com
dherrera@caffertyclobes.com
nrasch@caffertyclobes.com
knaughton@caffertyclobes.com
mrathur@caffertyclobes.com
cdolotosky@caffertyclobes.com
*Plaintiffs' Steering Committee Counsel for Plaintiffs*

**Counsel for Defendants**


Jay Srinivasan
Daniel G. Swanson
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
jsrinivasan@gibsondunn.com
dswanson@gibsondunn.com

Stephen Weissman
Michael J. Perry
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, NW
Washington, DC 20036
sweissman@gibsondunn.com
mjperry@gibsondunn.com

S. Christopher Whittaker
**GIBSON, DUNN & CRUTCHER LLP**
1361 Michelson Drive
Irvine, CA 92612
cwhittaker@gibsondunn.com

Ben A. Sherwood
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
bsherwood@gibsondunn.com

Thomas H. Dundon
**NEAL & HARWELL, PLC**
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tdundon@nealharwell.com
*Counsel for Defendant RealPage, Inc.*

Jeffrey C. Bank
Brian J. Smith
Christina Clemens
**WILSON SONSINI GOODRICH & ROSATI PC**
1700 K Street NW, Fifth Floor
Washington, DC 20006
jbank@wsgr.com
brian.smith@wsgr
cclemens@wsgr.com
*Counsel for Defendant Morgan Properties Management Company, LLC*

David D. Cross
Alexandra I. Russell
Alexis Desautel
Mary G. Kaiser
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, D.C. 20036
dcross@goodwinlaw.com
arussell@goodwinlaw.com
adesautel@goodwinlaw.com
mkaiser@goodwinlaw.com

Kathryn M. Baldwin
Benjamin E. Campbell
**GOODWIN PROCTER LLP**
620 Eighth Avenue
New York, NY 10018
kbaldwin@goodwinlaw.com
benjamincampbell@goodwinlaw.com

Joshua L. Burgener

John J. Sullivan

**FROST BROWN TODD LLP**
150 3d Ave S., Suite 1900
Nashville, TN 37201
jburgener@fbtlaw.com
*Counsel for Defendant UDR, Inc.*

**COZEN O'CONNOR P.C.**
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
jsullivan@cozen.com

Thomas Ingalls
Deanna H. Clayton
**COZEN O'CONNOR P.C.**
2001 M Street NW, Suite 500
Washington, DC 20036
tingalls@cozen.com
dclayton@cozen.com

Robert S. Clark
Nathan J. Larkin
Cara A. Costanzo
Lauren Freeman
**COZEN O'CONNOR P.C.**
1650 Market Street, Suite 2800
Philadelphia, PA 19103
robertclark@cozen.com
nlarkin@cozen.com
caracostanzo@cozen.com
lfreeman@cozen.com
*Counsel for Defendant Independence Realty Trust, Inc.*

Mark McKane, P.C.
Emma Scott
Cara Yi
Alistair Blacklock
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
mark.mckane@kirkland.com
emma.scott@kirkland.com
cara.yi@kirkland.com
alistair.blacklock@kirkland.com
*Counsel for Defendants Thoma Bravo L.P., Thoma Bravo Fund XIII, L.P., and Thoma Bravo Fund XIV, L.P.*

/s/ Rebecca W. Demaree

Rebecca W. Demaree